IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02636-GPG-CYC

BERNARD K. RIVERS, JR.,

Plaintiff,

v.

TOWN OF HUDSON,
HUDSON POLICE DEPARTMENT,
BRYCE LANGE,
KEVIN JAMISON,
SCOTT SEDGWICK,
JUDGE SHANNON LYONS,
JUDGE TODD TAYLOR,
TOWN OF KERSEY,
KERSEY POLICE DEPARTMENT,
JESSICA HUMPHRIES,
KERSEY AVIS PROGRAM ADMINISTRATOR (name unknown),
KERSEY PHOTO-RADAR CONTRACTOR (name unknown), and
KERSEY MUNICIPAL JUDGE (name unknown),

Defendants.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Plaintiff pro se Bernard K. Rivers moves for entry of default against numerous defendants, ECF No. 75, and requests “procedural direction” with respect to the upcoming Fed. R. Civ. P. 16b) Scheduling Conference in light of the defendants’ purported default status, ECF No. 74. These motions were referred by the presiding district judge to the undersigned. ECF No. 76. Because the defendants have not defaulted under the Federal Rules of Civil Procedure, the former motion is **DENIED**. That means that the Scheduling Conference will proceed as planned.

**BACKGROUND**

The plaintiff initiated this action in state court on May 26, 2026. Several defendants removed it to federal court on June 12. ECF No. 1. The matter proceeded to initial *pro se* review under D.C.COLO.LCivR 8.1(a) and, pursuant to that rule, the reviewing magistrate judge ordered that the defendants "are not required to file an answer or other response until 21 days after initial review is completed and only if the case is drawn to a district judge and/or a magistrate judge under D.C.COLO.LCivR 8.1(c)." ECF No. 7.

The plaintiff filed his first amended complaint on June 16, ECF No. 9, and then on July 9, a motion for default judgment. ECF No. 15. The reviewing magistrate judge denied the motion because the action was still under initial pro se review. ECF No. 20. In his order directing the plaintiff to file an amended complaint, he reiterated that "any defendant that is served with process is not required to file an answer or other response until 21 days after initial review is completed," and only if the case is drawn to a judge for further proceedings. *Id.* at 10.

On July 29, as directed, the plaintiff filed his second amended complaint, the operative pleading. ECF No. 22. The case was passed from initial pro se review, and assigned to the district judge and drawn to the undersigned on September 9. *Id.* The Court then scheduled a Fed. R. Civ. P. 16(b) Scheduling Conference for November 3. ECF No. 34.

At present, there are twelve defendants for whom the plaintiff has filed proof of service: Shannon Lyons, Todd Taylor, Hudson Police Department, Kevin Jamison, Bryce Lange, Town of Hudson, Kersey Avis Program Administrator, Kersey Photo-Radar Contractor, Kersey Municipal Judge, Jessica Humphries, Kersey Police Department, and Town of Kersey.

The defendants responded to the second amended complaint as set forth below:

- Sedgwick filed a motion to dismiss on **September 23**, ECF No. 36;

- Town of Kersey, Kersey Police Department, Jessica Humprhies, Kersey Avis Program Administrator, and Kersey Municipal Judge filed a motion to dismiss on **September 30**, ECF No. 46;

- Hudson Police Department, Kevin Jamison, Bryce Lange, and Town of Hudson timely moved for an extension of time, ECF No. 38, which was granted over the plaintiff's objection. ECF No. 38, 45. These defendants filed a motion to dismiss on **October 7**, the extended deadline, ECF No. 58;

- Lyons and Taylor timely moved for an extension of time, ECF No. 43, which was granted over the plaintiff's objection. ECF Nos. 44, 45. These defendants filed a motion to dismiss on **October 21**, the extended deadline, ECF No. 68.

## ANALYSIS

The plaintiff claims that the defendants served on May 26, before removal—Hudson Police Department, Town of Hudson, Jamison, Lange, and Sedgwick—are in default under Fed. R. Civ. P. 81(c)(2). ECF No. 75 at 2–3. He also argues that the defendants served on June 17, after removal—Taylor and Lyons—are in default under Fed. R. Civ. P. 12(a)(1)(A)(i). ECF No. 72 at 3. Neither contention is correct.

Federal Rule of Civil Procedure 12(a)(1)(A)(i) provides that "in general," a defendant must answer a pleading within 21 days "after being served with the summons and complaint." Federal Rule of Civil Procedure 81(c)(2) provides that, for removed actions, a defendant "who did not answer before removal must answer or present other defenses or objections" within the longest of 21 days of receiving the complaint or being served, or seven days of removal. A defendant may elect to file a motion to dismiss under Fed. R. Civ. P. 12(b) before an answer. In this district, however, D.C.COLO.LCivR 8.1(a) "authorizes early judicial review of pro se complaints and tolls the time for defendants to answer until that screening is complete." *Roe v. Colo. Jud. Dep't*, No. 25-1264, 2026 WL 1734700, at *4 (10th Cir. June 16, 2026).

Federal Rule of Civil Procedure 55(a) requires the entry of default against a party who fails to plead or otherwise defend in accordance with these rules. Although Rule 55(a) states that

the clerk "must enter the party's default" under these circumstances, "the rule does not limit the ability of the Court to consider a request for entry of default." *UFCW Local-880 v. Newmont Mining Corp.*, Nos. 05-cv-01046-MSK-BNB, 05-cv-01100-MSK-CBS, 05-cv-1141-MSK-BNB, 2007 WL 2871013, at *6 (D. Colo. Sept. 26, 2007).

In this case, entry of default is inappropriate as to any of the defendants. As the reviewing magistrate judge explained on two occasions, ECF Nos. 7, 15, the defendants had 21 days to answer the complaint or, alternatively, file a motion to dismiss, following the completion of pro se review. The matter passed pro se review on September 9, and therefore, the defendants—regardless of when they were served—had until September 30 to file an answer or motion to dismiss. For several defendants, this time was extended for good cause on motions pursuant to Fed. R. Civ. P. 6(b)(1)(A). ECF No. 45. Including the extensions, then, all of the served defendants filed a motion to dismiss within the prescribed time. ECF Nos. 36, 46, 58, 68.

The plaintiff resists this conclusion. He asserts that D.C.COLO.LCivR 8.1(a) "does not apply to removed cases," and so the defendants' time for response were fixed at the date of service for the initial complaint according to Fed. R. Civ. P. 12(a)(1)(A)(i) and 81(c)(2). For this proposition, he quotes a case ostensibly captioned *Harris v. Denver Health*, ECF No. 75 at 2, but he does not include the case's full citation, and the Court has been unable to locate it. To be sure, there is a case by that name, *see Harris v. Denver Health Medical Center et al.*, No. 1:11-cv-01868-RM-MEH (D. Colo.), but it is not a removed case and, having carefully reviewed the docket, there does not appear to be an order containing this exact quote. Indeed, a search of the Westlaw database reveals no federal or state case containing the language "Local Rule 8.1(a) does not apply to removed cases." Nor does there appear to be any independent support for this proposition. To the contrary, D.C.COLO.LCivR 8.1 (a) tolls a defendant's time to answer or

otherwise respond to a pleading in removed and non-removed cases alike. *See, e.g.*, *Haverty v. United Health Grp., Inc.*, No. 25-cv-02447-NYW-NRN, 2026 WL 2576542, at *4 (D. Colo. Sept. 1, 2026); *Ahmadi v. Hyatt Regency Hotel*, No. 25-cv-00065-RMR-CYC, 2026 WL 637100, at *1 (D. Colo. Jan. 9, 2026). This makes sense. Requiring defendants to file a response before the conclusion of pro se review in every removed case would waste resources no less than in cases initially filed in federal court.

Accordingly, the plaintiff's motion for entry of default under Fed. R. Civ. P. 55(a) is denied. Contrary to the plaintiff's contention, ECF No. 75 at 2, the entry of default is not a dispositive issue, and therefore, a magistrate judge may rule on such request directly rather than issue a recommendation. *See U.S. Dep't of Labor v. Mr. Cao's LLC*, No. 22-1165-TC-RES, 2024 WL 3567341, at *4 n.3 (D. Kan. Mar. 1, 2024). Because there is no basis for an entry of default against any defendant, the Scheduling Conference set for November 3, 2026, and all attendant deadlines, are unaffected and remain in force.

There is a further matter. The plaintiff's incomplete and apparently inaccurate citation bears explanation. Like all litigants that appear in federal court, pro se plaintiffs must abide procedural rules and have a duty of candor. *See, e.g.*, *Robinson v. Oglala Sioux Tribe*, No. CIV-25-289-D, 2025 WL 2609573, at *4 n.6 (W.D. Okla. Sept. 9, 2025). "A party's submission to the Court constitutes a certification that 'the claims, defenses, or other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'" *Id.* at *4 (quoting Fed. R. Civ. P. 11(b)(2)). Whatever leeway must be afforded to pro se litigants does not extend to overlooking or excusing citations to fake authorities or to fabricated quotations from real authorities. *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025). Such citations—whether the product of generative artificial

intelligence or some other error—violate Fed. R. Civ. P. 11(b)(2) and may warrant sanctions. *Coomer v. Lindell*, No. 22-cv-01129-NYW-SBP, 2025 WL 1865282, at *8 (D. Colo. July 7, 2025).

Therefore, no later than November 10, 2026, the plaintiff must submit a notice to the docket providing the full citation for and attaching the case that contains the quotation "Local Rule 8.1(a) does not apply to removed cases," ECF No. 75 at 3, if such case exists, and if not, explain why this quotation, attributed to *Harris v. Denver Health*, appears in his motion.

**ORDER**

1. Plaintiff's Motion for Entry of Default Against All Defendants Under Rule 55(a), Rule 81(c), and Rule 12(a)(1)(A), and Request for Article III Review Under 28 U.S.C. § 636(b)(1), ECF No. 75, is **DENIED**. No default shall be entered against any defendant.

2. Plaintiff's Forthwith Notice of Defendant Defaults and Request for Procedural Direction, ECF No. 74, is **GRANTED** only to the limited extent that the Court clarifies that it will proceed with the Fed. R. Civ. P. 16(b) Scheduling Conference on **November 3, 2026** as scheduled. It is **DENIED** to the extent that it states or implies that any of the defendants have defaulted under Fed. R. Civ. P. 55(a).

3. No later than **November 10, 2026**, the plaintiff is **ORDERED** to file a notice to the docket providing the full citation for and attaching the case containing the quotation "Local Rule 8.1(a) does not apply to removed cases" from his brief, attributed to *Harris v. Denver Health*. If no such cases exists, the plaintiff's notice must explain why this quotation appears in his motion.

DATED this 27th day of October, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge